SHAW, Banking Com'r of Texas, v. METROPOLITAN CASUALTY INS. CO. OF NEW YORK.

No. 6644.

Circuit Court of Appeals, Fifth Circuit.

Dec. 12, 1932.

W. J. Rogers, of San Antonio, Tex., for appellant.

V. A. Collins, of Dallas, Tex., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

HUTCHESON, Circuit Judge.

Appellant, liquidating administrator of the insolvent Farmers' State Bank, Blum, Tex., brought this suit against appellee as surety on a fidelity bond issued to the bank, insuring it in the sum of $15,000 on each employee, against loss through dishonesty.

It was alleged that, during the period covered by the bond, Ellis Taylor, cashier, and Beatrice Wheat, bookkeeper and assistant, two of the employees, acting together by means of various and sundry dishonest and criminal acts, had abstracted, misappropriated and misapplied money of the bank in excess of $30,000.

The clauses of the bond which give rise to the controversy, are:
"Insuring Clause.

"Metropolitan Casualty Company of New York—hereby agrees to indemnify Farmers State Bank, Blum, Texas,—against loss through dishonesty on the part of any employee of insured, the amount of insurance on each employee being $15,000.00.
"Definition of Dishonesty.

"(1) That 'dishonesty' as used in this instrument, includes wrongful abstraction, misapplication or misappropriation, and/or any other dishonest, fraudulent or crim-

inal act wherever committed and whether done by the employee directly or in collusion or connivance with others.

"Liability for Loss Due to One or More of a Group.

"(3) That in case a loss is shown to be due to one or more of a group of employees, it shall not be necessary to designate the specific employee causing the loss, but the aggregate liability of the Underwriter for any such loss shall not exceed the amount of insurance on one employee."

■ These clauses occurring in the same instrument must, if they admit of it, be given such construction as will give effect to each without doing violence to the others. We think the meaning of each clause is clear, and that, without straining at construction, each can, without conflict with the other, be given the effect which its words import.

■ The provisions of the insuring clause and of clause 1 must be read together. They obligate the insurer to make good to the bank, to the extent of his bond, any loss traced to an identified employee, whether caused by him directly or in collusion or connivance with others. They also obligate the insurer to make good all loss traced to the joint acts of the identified employees acting either directly or in collusion or connivance with others, to the extent of the bond of each employee shown to have been complicit in the loss. Clause 3 provides coverage to the extent of one bond, and permits recovery in cases where the proof, though insufficient to fasten the loss on one or more identified employees, and therefore to bring the case within the first two clauses, is sufficient to show that the loss could not have occurred without dishonesty on the part of some unidentified one or more of an identified group. This clause has no application to the case pleaded and sought to be proven by plaintiff here. The case as he pleads it, and as his evidence tends to establish it, is a case of losses caused by and traceable to the joint dishonesty of two employees acting in connivance and collusion with each other.

The proof showed, without contradiction, that more than $25,000 had been taken, and the takings concealed through the use of false and fictitious entries in, and the creation and manipulation of, books and records. It showed that for the major part of the time Wheat and Taylor were practically in sole charge of the bank. It left no room for doubt that Taylor was implicated in the entire spoliation, and it presented an abundance of circumstances tending to prove that he could not have done what he did without the conniv-

ance of, and except in collusion with, Beatrice Wheat.

.Though appellee's pleadings denied generally and contained no admissions, after the auditor's report came in appellee on the trial admitted liability for the amount of one bond, $15,000, and, denying that it owed more, tendered that amount in settlement of the claim.

Its point was that the case pleaded and proven brought the claim under the third clause of the policy, a loss shown to be due to one or more of a group of employees, but not definitely traced to any, with the recovery limited to the amount of one bond. Appellant insisted that his pleading and proof made a case of losses caused by the wrongful conduct of two employees acting jointly, in connivance and collusion; that on its facts the case is ruled by American Surety Co. of N. Y. v. Shaw (C. C. A.) 54 F.(2d) 550, 551; that here, as there, the evidence shows complicity by each of the employees in the wrongful acts of the others; that here, as there, plaintiff is entitled to recover to the extent of the loss on the bond of each.

The defendant's view prevailed with the trial judge. He held that the evidence did not show sufficiently to take the case to the jury that Beatrice Wheat was responsible for the loss, either directly or by connivance; that the case made was one of a loss traced to Taylor alone, or one under the third clause of the bond, not traced to any designated employee; that plaintiff could recover therefore only the amount of one bond. To his action, instructing a verdict for $15,000, plaintiff duly excepted. The case is here for review on the one question whether the record entitles plaintiff to go to the jury upon his claim that the whole loss was due to the acts of Wheat and Taylor acting in connivance and collusion.

■ We think it plain that appellant's evidence made out such a case. Circumstantial though it was, and in the nature of the case was bound to be in view of the fire which destroyed many of the records of the bank and of the fact that Wheat and Taylor were the only ones in a position to have direct knowledge, the circumstances are so strong and point so unerringly to the conclusion that the two were acting in concert throughout the spoliation as not only to require the submission of the issue to the jury, but indeed as almost, if not quite, to prevent any other conclusion than that they were. American Surety Co. of N. Y. v. Shaw (C. C. A.) 54 F.(2d) 550, 551.

The judgment is reversed, and the case remanded for further proceedings not inconsistent with this opinion.